IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| FLORET IKOME, | * | |
| Plaintiff, | * | |
| v. | * | |
| | * | Civil No. 17-3407-BAH |
| CRSA, LLC, | * | |
| Defendant. | * | |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

**MEMORANDUM OPINION**

Before the Court is Plaintiff's pending Motion for Review of Clerk's Order Taxing Costs ("the Motion"), ECF 152. The Court has reviewed all relevant filings, including the Motion, Defendant's reply, ECF 154, and Plaintiff's response, ECF 155, and finds that no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2023). Accordingly, for the reasons stated below, the Motion is **GRANTED**.

**I.  BACKGROUND**

This employment discrimination and retaliation case concluded on December 15, 2021, when the Court entered final judgment in favor of Defendant CSRA, LLC, against Plaintiff, Floret Ikome, after a five-day jury trial. ECF 147. Defendant timely filed a bill of costs, which Plaintiff opposed on several grounds, including an equitable argument based upon Plaintiff's inability to pay. ECF 148, at 1; ECF 149, at 4. The Clerk of Court taxed costs in favor of the Defendant in the amount of $6,938.12, noting that she did not have the authority to consider Plaintiff's equitable

claim.[1]  ECF 151, at 10–11.  Plaintiff then filed the Motion on September 26, 2022, moving the Court to review the Clerk's order.  ECF 152.  Defendant opposed the Motion, ECF 154, and Plaintiff replied, ECF 155.

## II.      LEGAL STANDARD

Under Federal Rule of Civil Procedure 54(d)(1), costs other than attorney's fees "should be allowed on the prevailing party" "[u]nless a federal statute, [the Federal Rules of Civil Procedure], of a court order provide[] otherwise."  *See also* Loc. R. 109.1 (D. Md. 2023).  This "creates the presumption that costs are to be awarded to the prevailing party" unless "there would be an element of injustice in a presumptive cost award."  *Cherry v. Champion Int'l Corp.*, 186 F.3d 442, 446 (4th Cir. 1999).  The Court may find such an award to be unjust due to "(1) misconduct by the prevailing party; (2) the unsuccessful party's inability to pay the costs; (3) the excessiveness of the costs in a particular case; (4) the limited value of the prevailing party's victory; or (5) the closeness and difficulty of the issues decided."  *Ellis v. Grant Thornton LLP*, 434 F. App'x 232, 235 (4th Cir. 2011) (citing *Cherry*, 186 F.3d at 446).  Though the Clerk of Court taxes costs in the first instance in this district, this Court reviews the Clerk's taxation decision de novo.  *Skeberdis v. Brill*, PX-17-0404, 2019 WL 5625849, at *1 (D. Md. Oct. 31, 2019); *see also* Fed. R. Civ. P. 54(d) ("The clerk may tax costs on 14 days' notice.  On motion served within the next 7 days, the court may review the clerk's action.").

---

[1] Defendant originally sought $14,671.45 in costs, ECF 148, and later reduced this sum to $12,664.58, ECF 150, at 9.

### III. <u>ANALYSIS</u>

In the Motion, Plaintiff asserts that it would be unjust to tax costs against him because "Plaintiff is destitute and has no means of paying any of Defendant's costs" and "he ha[s] been unable to find employment following his termination [from CSRA] and [] he ha[s] depleted his life savings in order to support himself and fund this litigation." ECF 152, at 2. Defendant counters that "Plaintiff has failed to demonstrate that he is and will forever be unable to pay the costs taxed against him in this action" and points to Plaintiff's work history and current work as a pastor to suggest that Plaintiff has additional earning potential beyond what the Motion suggests. ECF 154, at 2. In response, Plaintiff asserts that "he has been unable to find gainful employment despite continued efforts" and that "[h]e does not derive any income from his ministry, book sales, or podcast subscriptions [associated with his ministry]." ECF 155, at 1. Plaintiff further avers that he "has incurred more than $200,000 in debt due to his termination by Defendant and the financial burdens of this litigation," and that finding a new job has been made more difficult by Plaintiff's time away from work and the fact that potential employers come across this lawsuit upon conducting a Google search on Plaintiff. *Id.* In Plaintiff's declaration attached to his reply, he asserts that he has not earned any income since 2017 beyond unemployment insurance and $5,000 from a one-time job and that he has no additional assets. ECF 155-1, at 1.

This Court has repeatedly denied costs when the party against whom those costs are levied is of sufficiently "modest means." *See, e.g., Broccoli v. Echostar Communications Corp.*, 229 F.R.D. 506, 516–17 (D. Md. 2005); *King v. Eastern Shore Water, LLC*, Civ. No. SKG-11-1482, 2013 WL 4603316, at *3 (D. Md. Aug. 27, 2013); *Skeberdis*, 2019 WL 5625849, at *2; *Giles v. United States*, Civ. No. BPG-18-62, 2020 WL 902526, at *2 (D. Md. Feb. 24, 2020). In *King*, the Court found that it would be unjust to tax $4,158.15 in costs against the plaintiff when she earned

3

$25,200 annually and supported four children.  2013 WL 4603316, at *1–3.  Similarly, in *Giles*, the Court found that it would be unjust to tax $5,177.27 in costs against the plaintiff when he earned nearly $4,000 per month but had fixed expenses of nearly $2,000 per month, had $3,000 of medical debt, and supported a seven-person household.  2020 WL 902526, at *2.  In both cases, the Court relied solely on financial affidavits to make these determinations.  *Giles*, 2020 WL 902526, at *2; *King*, 2013 WL 4603316, at *3.

Here, Plaintiff relies on his financial affidavit from February 2022, ECF 152-1, and his updated financial declaration from November 2022, ECF 155-1.  As was the case in *Giles* and *King*, this is sufficient evidence on which the Court may base its decision.  *See Giles*, 2020 WL 902526, at *2; *King*, 2013 WL 4603316, at *3.  Between June 2017 and November 2022, a period of more than five years, Plaintiff earned only a one-time payment of "roughly $5,000" and "unemployment benefits."  ECF 155-1, at *1.  Though Plaintiff does not provide the specific amount that he received in unemployment benefits, the Court is well aware that unemployment insurance payments last for only a limited time.  *See* Md. Code, Lab. & Empl. § 8-808(c)(1) (limiting a claimant to 26 weeks of unemployment insurance payments).  Thus, Plaintiff's unemployment payments would have ceased no later than 2018.  Plaintiff has no additional savings, does not own his home, and appears to have no other substantial assets.  ECF 155-1, at 1.  He also owes more than $200,000 in legal debt.  *Id.*

Plaintiff here has substantially less income than the parties of "modest means" in *Giles* and *King*, and the costs taxed to Plaintiff are even higher than the ones in those cases.  *See Giles*, 2020 WL 902526, at *2; *King*, 2013 WL 4603316, at *3.  Thus, here, as in *Giles* and *King*, "it would be 'unjust or inequitable to enforce Rule 54(d)(1) against [Plaintiff].'" *Giles*, 2020 WL 902526, at *2 (quoting *Skeberdis*, 2019 WL 5625849, at *2).

## IV.　**CONCLUSION**

For the foregoing reasons, Plaintiff's Motion for Review of Clerk's Order Taxing Costs, ECF 152, is GRANTED.

Dated: October 20, 2023

　　　　　　　　　　　　/s/
Brendan A. Hurson
United States District Judge